# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

| | |
|---|---|
| SHANTI HARGROVE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV423-020 |
| ) | |
| P. LADSON, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **ORDER AND REPORT AND RECOMMENDATION**

*Pro se* plaintiff Shanti Hargrove has submitted a Complaint alleging that her former employer, Memorial Day School, discriminated against her, in violation of the Americans with Disabilities Act ("ADA"), when it terminated her employment. *See* doc. 1 at 3-4. She also seeks leave to pursue her case *in forma pauperis* ("IFP"). Doc. 2. Since it appears that she lacks the funds to pay the Court's filing fee, her IFP motion is **GRANTED**. Doc. 2. The Court, therefore, proceeds to screen her Complaint pursuant to 28 U.S.C. § 1915(e)(2).

"Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under [Federal Rule of Civil Procedure] 12(b)(6)." *Wilkerson v. H & S, Inc.*, 366 F. App'x

49, 51 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). To avoid dismissal, plaintiff's pleadings must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The pleadings cannot rest merely on an "unadorned, the-defendant-unlawfully-harmed-me accusation," *id.* at 678, and the facts offered in support of the claims must rise to a level greater than mere speculation, *Twombly*, 550 U.S. at 555. Stated otherwise, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" *Id.* at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

**I.   Improper Parties**

In addition to naming Memorial Day School as a defendant, Hargrove's Complaint also identifies "P. Ladson" and "J. Lane." *See* doc. 1 at 2. The ADA provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of

employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). "The term 'covered entity' means an employer, employment agency, labor organization, or joint labor-management committee." 42 U.S.C. § 12111(2). This does not allow for individual liability. *See Albra v. Advan, Inc.*, 490 F.3d 826, 830 (11th Cir. 2007) ("... individual liability is precluded for violations of the ADA's employment discrimination provision . . . ."); *see also, e.g., Bosarge v. Mobile Area Water & Sewer Serv.*, 2022 WL 203020, at \*6 (11th Cir. Jan. 24, 2022) (affirming dismissal of individual defendants because there is no basis for holding them liable on Plaintiff's ADA discrimination claims); *Lewis v. AT&T Corp.*, 2022 WL 1416967, at \*1 (S.D. Ga. Mar. 29, 2022) (citations omitted) ("The Eleventh Circuit has also found that there is no individual liability under the ADA."). Hargrove's claims against the individual defendants, Ladson and Lane, should, therefore, be **DISMISSED**.

**II.   ADA Claim**

To make a *prima facie* case of employment discrimination under the ADA, a plaintiff must show that she (1) has a disability; (2) is qualified for the relevant position, and (3) was subjected to unlawful

3

discrimination due to her disability. *Mazzeo v. Color Resolutions Int'l., LLC*, 746 F.3d 1264, 1268 (11th Cir. 2014) (citing *Holly v. Clairson Indus., LLC*, 492 F.3d 1247, 1255-56 (11th Cir. 2017)). A person is "disabled" under the ADA in three different ways: (1) if she has "a physical or mental impairment that substantially limits one or more major life activities . . ."; (2) if she has a record of such an impairment; or (3) if she is "regarded as" having such an impairment. 42 U.S.C. § 12102(1); *see also Roper v. Purdue Farms*, 2022 WL 1215652, at *3 (S.D. Ga. Apr. 25, 2022). One "major life activity" is working. *D'Angelo v. ConAgra Foods, Inc.*, 422 F.3d 1220, 1226-27 (11th Cir. 2005). Discrimination under the ADA may include failing to make a reasonable accommodation for an otherwise qualified disabled employee. *Roper*, 2022 WL 1215652, at *3 (citations omitted).

Hargrove does not include factual allegations in her Complaint. *See* doc. 1 at 4-5. She does, however, attach the charge she filed with the Equal Employment Opportunity Commission, which includes factual allegations, *see id.* at 7-8, and a longer narrative, *id.* at 11-16. Omitting many of the details Plaintiff includes, she alleges that her fiancé died suddenly and her employer, Memorial Day School, terminated her

4

employment after bereavement-related absences. *See id.* at 12-15. In addition to "bereavement," her complaint also identifies "MDD," presumably "Major Depressive Disorder," "[t]ra[u]ma and stressor-related disorder, [and] . . . insomnia." *Id.* at 4. She also alleges that Ladson was aware that the bereavement caused physical symptoms, including insomnia and changes in her appetite that were sufficiently serious that Ladson "suggested that [Hargrove] get an appointment to the Dr[. as] soon as possible . . . ." Doc. 1 at 13. Hargrove also attached medical records, which are not completely consistent[1] but do reflect the diagnoses she alleges in her Complaint. *Compare id.* at 4, *with* doc. 1-1 at 18.

Subject to the liberal construction afforded to *pro se* pleadings, the Court is satisfied that Hargrove has sufficiently pleaded an ADA claim. In at least some circumstances, depression can constitute a disability. *See, e.g., Norman v. S. Guar. Ins. Co.*, 191 F. Supp. 2d 1321, 1334 (M.D.

---

[1] None of the records are dated during the period when Hargrove alleges she was discriminated against. She alleges her employment was terminated in July 2022. *See* doc. 1 at 4. The earliest medical records submitted are dated August 2022. *See* doc. 1-1 at 6-8, 18. Moreover, approximately contemporaneous records include facially inconsistent statements concerning her mental health. *Compare* doc. 1-1 at 8 (noting that Hargrove denied depression), *with id.* at 18 (noting diagnosis of major depressive disorder).

5

Ala. 2002) (citing *Prichard v. S. Co. Servs.*, 92 F.3d 1130, 1134 (11th Cir. 1996)). Despite the ambiguous chronology of the alleged symptoms and diagnoses, discussed above, the Court construes her allegations as sufficiently alleging her disability, for screening purposes. Similarly, leaves of absence can be reasonable accommodations under the ADA. *See, e.g., Henry v. State Farm Fire & Cas. Co.*, 2020 WL 4550936, at *21 (N.D. Ga. May 20, 2020) ("While a leave of absence can be a reasonable accommodation, requesting leave does not *ipso facto* mean an individual is protected by the ADA." (internal citation and quotations omitted)). Since Hargrove's requests for leave might be a reasonable accommodation, her employer's failure to grant such leave could constitute discrimination. *See, e.g., Roper*, 2022 WL 1215652, at *3 (citations omitted). Accordingly, her claim may proceed against defendant Memorial Day School.

Under the Federal Rules of Civil Procedure, "[t]he plaintiff is responsible for having the summons and complaint served within [ninety days]." Fed. R. Civ. P. 4(c)(1), (m). The Rules also provide that "[a]ny person who is at least 18 years old and not a party may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2). Alternatively, a plaintiff

authorized to proceed *in forma pauperis* is entitled to service by the United States marshal or deputy marshal, "[a]t the plaintiff's request." Fed. R. Civ. P. 4(c)(3); *see Nagy v. Dwyer*, 507 F.3d 161, 164 (2d Cir. 2007) ("[T]he district court may require plaintiffs proceeding *in forma pauperis* to affirmatively request that the court appoint the Marshals to serve the summons and complaint on the defendant."); *see also*, 4A Adam N. Steinman, Federal Practice & Procedure Civil § 1090 (4th ed. 2022) ("Service of a summons and complaint by a marshal must be utilized—if requested by the plaintiff—when the plaintiff is proceeding in an action in forma pauperis . . . .").

Within fourteen days from the date of this Order, plaintiff must either (1) request a summons from the Clerk, pursuant to his standard procedures, *see, e.g.,* Fed. R. Civ. P. 4(b); or (2) file a motion requesting that the Court authorize service by the United States Marshal or deputy marshal.  If Plaintiff elects not to request service by the marshals, and instead requests a summons from the Clerk, she may utilize the waiver process, detailed in Rule 4(d).  To facilitate Plaintiff's use of the Rule's waiver provisions, the Clerk is **DIRECTED** to provide Plaintiff, in addition to any requested summons, with one blank copy of Forms AO

398 (Notice of a Lawsuit and Request to Waive Service of a Summons) and AO 399 (Waiver of the Service of Summons), and one service copy of the complaint per defendant. The Clerk is **DIRECTED** to note the issuance of any summonses on the docket. Plaintiff is advised that, upon issuance of a summons, service must be effected and proofs of service must be filed, pursuant to Fed. R. Civ. P. 4(l), *see* Form AO 440 at 2, no later than ninety days from the date the complaint was filed. *See* Fed. R. Civ. P. 4(m). Failure to timely serve a defendant may result in dismissal "of the action without prejudice against that defendant . . . ." *Id.*

If Plaintiff files a motion requesting service by the United States Marshal, the Court will enter a separate order authorizing service and providing instructions. Plaintiff is advised that failure to timely comply with this Order may result in dismissal for failure to prosecute or comply with a court order. *See* doc. 41(b); *see also, e.g., Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011) (citing *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005)) ("The district

court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order.")).

In summary, Plaintiff's claim against Memorial Day School is authorized to proceed and Plaintiff is **DIRECTED** to make her election concerning service no later than fourteen days from the date of this Order, as described above.  Her claims against defendants Ladson and Lane should be **DISMISSED**.  This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of

rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED,** this 26th day of January, 2023.

*/s/ Christopher L. Ray*
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA